## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY DELBERT PINNEY JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15-CV-281-GKF-FHM |
| THE CITY OF TULSA OKLAHOMA, | ) ) ) |
| Defendant. | ) |

### OPINION AND ORDER

Before the court is the Motion for Summary Judgment [Dkt. #30] of defendant City of Tulsa ("Tulsa"). For the reasons set forth below, the court grants Tulsa's motion.

### I. Uncontested Material Facts

On April 17, 2013, Officer Wyett Poth ("Officer Poth") received a dispatch reporting an indecent exposure at the Bandon Trails Apartments in south Tulsa. Upon arrival, Officer Poth identified the complainants—A.A. and A.A. (13 year-old twins) and T.L. (11 years old)—with their mothers. The girls reported that, while playing on a nearby wall, Larry Delbert Pinney, Jr. ("Pinney") exposed himself. According to the girls, Pinney, seated at his computer chair in a yellow robe, stared at them through his window, and revealed his genitals. Each girl also described a penis ring worn by Pinney in detail.

After speaking with the complainants, Office Poth proceeded to Pinney's apartment.[1] Pinney greeted him at the door wearing a yellow robe with nothing underneath. Confronted with the girls' allegations, Pinney denied intentionally exposing himself. He stated his window blinds were closed and that the girls must have peeped through them. Pinney did, however,

---

[1] Based on Officer Poth's observations, Pinney's apartment matched the layout and description provided by A.A., A.A., and T.L.

acknowledge wearing a penis ring.  Based on these interviews and his observations, Officer Poth arrested Pinney and transported him to the Tulsa Police Department for an interview.[2]

After the interview, Pinney was charged with indecent exposure.  Those charges were dismissed six months later at Pinney's preliminary hearing.[3]  Pinney now brings suit under 28 U.S.C. § 1983 for unlawful arrest.  Specifically, he alleges that Officer Poth lacked probable cause.  Tulsa disagrees, and moves for summary judgment on grounds that: (1) probable cause supported Pinney's arrest for indecent exposure; and (2) Tulsa lacked any policy or custom that motivated the alleged constitutional deprivation.

## II. Legal Standard

Summary judgment shall be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" if the evidence permits "a rational trier of fact" to resolve the issue either way.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 644, 670 (10th Cir. 1998).  A fact is material if it is "essential" to the outcome of the case.  *Id.*  In essence, Rule 56 asks the court to determine "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).  The court takes all facts and inferences in favor of the non-moving party.  *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).  "However, the

---

[2] Both parties appear to concede that Pinney was arrested when Officer Poth took him to TPD. *See* [Dkt. #30, p. 2]; [Dkt. #40, pp. 4–5].  Thus, the court considers only pre-arrest facts bearing on Officer Poth's probable cause determination.  *See Manzanares v. Higdon*, 575 F.3d 1135, 1144 (10th Cir. 2009) (explaining that "information gleaned post-hoc" does not bear on probable cause inquiry).

[3] "[I]t is irrelevant to the probable cause analysis whether the person is later acquitted of a crime for which . . . he was arrested."  *Painter v. City of Albuquerque*, 393 Fed. App'x 795, 798 (10th Cir. 2010).

nonmoving party may not rest on its pleadings [and] must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). Conclusory allegations, without evidentiary support, will not suffice. *Joe Hand Promotions, Inc. v. Kinder*, No. 11-CV-450-GKF-PJC, 2012 WL 5494926, at *2 (N.D. Okla. Nov. 13, 2012).

### III. Analysis

To prove false arrest, "a plaintiff must establish that his arrest and detention were without probable cause." *Gomez v. Martin*, 593 Fed. App'x 756, 758 (10th Cir. 2014) (quotation marks omitted). At bottom, probable cause requires "a reasonable ground for belief of guilt"—that is, reasonably trustworthy knowledge or information that suggests a crime has been committed. *Eckert v. Doughtery*, --Fed App'x--, 2016 WL 4924498, at *3 (10th Cir. Sept. 14, 2016) (quotation marks omitted). That standard "can[not] be reduced to a precise definition or a fixed percentage probability," *Cook v. Ottowa Cty. Bd. of Cty. Com'rs*, No. 05-CV-0605-CVE-PJC, 2006 WL 2945401, at *4 (N.D. Okla. Oct. 13, 2006), and it "does not . . . require the suspect's guilt [ ] be more likely true than false," *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014). "[T]he question is whether a reasonable officer could have believed that probable cause existed to arrest the plaintiff." *Millikin v. City of Tulsa*, No. 10-CV-314-JHP-PJC, 2011 WL 4345198, at *6 (N.D. Okla. Sept. 15, 2011). In making this determination, courts "look[ ] to the totality of the circumstances." *Florida v. Harris*, 133 S.Ct. 1050, 1055 (2013).

Probable cause existed for Pinney's arrest. 21 Okla. Stat. Ann. § 1021(1) criminalizes the willful and lewd exposure of a person's genitals in a place open to public view. 21 Okla. Stat. Ann. § 1021(1); *Martin v. State*, 1983 OK CR 168, 674 P.2d 37, 40 ("The statute . . . requires

only that [a defendant] willfully expose himself in a place where others could see him and be annoyed."). Pinney takes aim at alleged inconsistencies between the victim's statements to police—whether Pinney was seated or standing when he exposed himself; whether Pinney smiled while doing so; and whether his penis was flaccid or erect. [Dkt. #40, p. 39]; [Dkt. #30-9, p. 1]; [Dkt. #30-10, p.1].

Even if such inconsistencies existed—and they do not[4]—Pinney's argument misses the mark. The question is not whether every detail relayed to Officer Poth was accurate, but whether after "interview[ing] witnesses readily available at the scene, [and] investigat[ing] basic evidence," Officer Poth reasonably concluded a "crime ha[d] been committed." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995); *see United States v. Sanchez*, 725 F.3d 1243, 1247 (10th Cir. 2013) ("Not every fact recited in the warrant affidavit must necessarily be correct, for probable cause may be founded upon hearsay and information received from informants.").

In this case, he undoubtedly did. *Munday v. Johnson*, Fed. App'x 126, 131 (10th Cir. 2007) (holding an office "can base a probable cause determination upon a witness's statement"). *First*, "the . . . minors' statements corroborated each other, both in general and in many areas of specific detail." *United States v. Zarif*, 192 Fed. App'x 784, 790 (10th Cir. 2006); *Easton v. City of Boulder*, 776 F.2d 1441, 1450 (10th Cir. 1985) (crediting "the solid core of the children's statements" about crime-related details). *Second*, T.L. and A.A. "gave detailed descriptions of the alleged wrongdoing," including specific information about Pinney's home, appearance, dress, and penis ring. *See Zarif*, 192 Fed. App'x at 790. In other words, the victims "revealed knowledge of things" children their age generally would not possess "had an event of the kind described not occurred." *See Easton*, 776 F.2d at 1450. *Third*, Officer Poth "independently

---

[4] The fact that AA's statement provided more detail than T.L.'s does not render the statements inconsistent. *See* [Dkt. #30-9]; [Dkt. #30-10].

4

corroborated" those descriptions—he observed Pinney's apartment and yellow robe, and heard Pinney admit to wearing penis ring. *See id.*; *Easton v. City of Boulder*, 776 F.2d at 1450 (finding that children's descriptions were "further corroborated" by police investigation). These statements provide a more than ample basis for probable cause. *See id.*; *Easton v. City of Boulder*, 776 F.2d 1441, 1449 (10th Cir. 1985).[5]

Nor does Pinney's "innocent" explanation change the analysis. For one thing, his understanding of the term "flashed" strains credulity. *See* [Dkt. #40, p. 32] ("The term 'flashed' clearly could mean anything from a volitional act to an innocent turning of the chair that inadvertently exposed Mr. Pinney to the witnesses peeping into his apartment."). For another, "police officers are not required to forego . . . an arrest based on facts supporting probable cause simply because the arrestee offers a different explanation." *Munday*, 257 Fed. App'x at 134. To the contrary, "[a]bsent special circumstances suggesting that a victim-witness is not credible, corroboration is not essential and a police officer should be permitted to assume he is dealing with a trustworthy person." *Id.* at 131. No such circumstances exist here, and Pinney's insistence on exact factual similitude does not reflect the "practical and common-sensical" probable cause standard that governed Officer Poth's conducr. *Harris*, 133 S.Ct. at 1055. There is no question that, in this case, Officer Poth had "the kind of fair probability on which reasonable and prudent people, not legal technicians act." *Id.*

---

[5] Pinney disputes whether Officer Poth or Officer Stafford took T.L.'s statement. [Dkt. #40, p. 32]. That argument lacks merit. Officer Poth states he interviewed all complainants, including T.L. [Dkt. #33-1, p.1, ¶ 3]. And in any case, even if relayed secondhand, Officer Poth was entitled to rely on hearsay in making his probable cause determination. *See Sanchez*, 725 F.3d at 1247 (10th Cir. 2013) ("[P]robable cause may be founded upon hearsay . . . ."); *Manzanares*, 575 F.3d at 1144 ("We consider information relayed by one officer to another, but such information must be based on personal knowledge.").

WHEREFORE, Tulsa's Motion for Summary Judgment [Dkt. #30] is granted.[6]

IT IS SO ORDERED this 31st day of October, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[6] Because probable cause supported Pinney's arrest, the court need not consider Tulsa's municipal liability argument.